NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX SCOTT ROBERTS,

Defendant - Appellant.

No. 24-5610

D.C. No. 2:22-cr-00377-AB-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Alex Scott Roberts appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Though the district court acknowledged that Roberts was eligible to be

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

resentenced under Amendment 821 to the Sentencing Guidelines, it determined that the 18 U.S.C. § 3553(a) factors did not support a reduction of his 85-month sentence. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (describing the two-step process for analyzing § 3582(c)(2) motions). Roberts contends that the district court failed to consider and address relevant § 3553(a) factors and his arguments for a reduction of his sentence to 69 months. Roberts further argues that the sentence is substantively unreasonable in light of his mitigating circumstances, including the inaccessibility of necessary treatment in prison.

The district court did not abuse its discretion. *See United States v. Wilson*, 8 F.4th 970, 975, 977-78 (9th Cir. 2021). The record reflects that the district court considered Roberts's arguments, but concluded that a sentence reduction would not account for the "egregious" nature of his offense. It further concluded that, given the "repeated nature of [Roberts's] crimes," a reduction would not promote respect for the law, provide just punishment, or protect the public. The district court's explanation of its decision was sufficient, and the 85-month sentence remains substantively reasonable under the totality of the circumstances and the § 3553(a) factors. *See Wilson*, 8 F.4th at 976-79.

**AFFIRMED.**